UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IRIS AND CHRISTOPHER MOUTON** | **CIVIL ACTION** |
| **VERSUS** | **No. 10-1643** |
| **MERITPLAN INSURANCE COMPANY** | **SECTION I** |

## ORDER AND REASONS

Plaintiffs, Iris and Christopher Mouton, have filed a motion to remand.[1] Defendant, Meritplan Insurance Company ("Meritplan"), has filed an opposition.[2] For the following reasons, the motion[3] to remand is **GRANTED.**

### *BACKGROUND*

Plaintiffs allege that defendant owes them additional payments for wind-related damage to their property as a result of Hurricane Katrina.[4] Plaintiffs state in their petition that defendant acted in an "arbitrary and capricious manner" and plaintiffs seek damages "for all penalties, attorney's fees, and other measures permitted under the Louisiana Insurance Code for failure to adjust claims in a fair and reasonable way and to pay the plaintiff in a timely fashion."[5]

---

[1]R. Doc. No. 6.

[2]R. Doc. No. 11.

[3]R. Doc. No. 6.

[4]R. Doc. No. 1-1, pp. 2-3.

[5]*Id.* at p. 3.

1

Defendant removed the above-captioned case to federal court on the basis of diversity jurisdiction.⁶ Defendant's removal petition states that diversity of citizenship exists and that the amount in controversy exceeds $75,000.⁷

*LAW AND ANALYSIS*

**I. Removal and Remand**

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Insurance Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)). The Court must assume that a lawsuit lies outside this limited jurisdiction until jurisdiction is established. *Id.* In order to remove an action from a state court, a defendant must file a notice of removal in a United States District Court "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

"Because removal raises significant federalism concerns, the removal statute is strictly construed." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Further, "any doubt as to the propriety of removal should be resolved in favor of remand." *Id.* When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of establishing jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden.").

When a plaintiff's complaint does not allege a specific amount of total damages, the removing defendant must prove by a preponderance of the evidence that the amount in

---

⁶R. Doc. No. 1, p. 1.

⁷*Id.* at pp. 1-2.

controversy exceeds $75,000. *St. Paul Reinsurance Co. Ltd v. Greenberg*, 134 F.2d 1250, 1253 (5th Cir. 1998); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *Luckett v. Delta Air, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)(citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).[8] "The defendant may make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above the $75,000, or (2) 'by setting forth facts in controversy that . . . support a finding of the requisite amount.'" *Luckett*, 171 F.3d at 298 (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)(emphasis omitted)). "The two tests are applied in order, and only if the 'facially apparent' test is not met, do we then require 'evidence of the amount in controversy.'" *Pollet v. Sears Robeck & Co.*, 46 F. App'x 226, 2002 WL 1939917 at *1 (5th Cir. 2002) (unpublished) (citing *Allen*, 63 F.3d at 1336 & n. 16). If the amount in controversy is not apparent from the complaint, the court may consider summary judgment-type evidence. *St. Paul*, 134 F.2d at 1253.

If a defendant meets its burden of showing the requisite amount in controversy, a plaintiff can defeat diversity jurisdiction only by demonstrating to a "legal certainty" that the amount in controversy does not exceed $75,000. *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 869 (5th Cir. 2002). One way that plaintiffs may accomplish this is by filing "'a binding stipulation or affidavit with their complaints.'" *De Aguilar*, 47 F.3d at 1412 (quoting *In re Shell*

---

[8]The Louisiana Code of Civil Procedure prohibits plaintiffs from requesting a specific amount of total damages in their complaint:

> No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required.

La. Code Civ. P. art. 893(A)(1); *see also Gebbia*, 233 F.3d at 882; *Luckett*, 171 F.3d at 298.

3

*Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)). A stipulation contained in a complaint will be considered binding if it contains an express waiver by the plaintiff of his right to accept or enforce any judgment in excess of the statutory limit. *See Engstrom v. L-3 Commc'ns Gov't Servs.*, 2004 WL 2984329, at *4-5 (E.D. La. Dec. 23, 2004). Plaintiffs' mere statement in their petition that the amount in controversy is less than $75,000 cannot be considered binding upon their recovery. *Warren v. Colonial Life & Accident Ins. Co.*, 2005 WL 1155856, at *4 (E.D. La. 2005).

## II. DISCUSSION

Plaintiffs allege that defendant owes them additional payments for wind-related damage to their property as a result of Hurricane Katrina.[9] Plaintiffs state in their petition that defendant acted in an "arbitrary and capricious manner" and plaintiffs seek damages "for all penalties, attorney's fees, and other measures permitted under the Louisiana Insurance Code for failure to adjust claims in a fair and reasonable way and to pay the plaintiff in a timely fashion."[10] Plaintiffs' petition does not allege a specific amount of total damages, but it does contain a statement that "the value of this claim does not exceed [$75,000.00] inclusive of interest and costs."[11]

---

[9]R. Doc. No. 1-1, pp. 2-3.

[10]*Id.* at p. 3.

[11]R. Doc. No. 1-1, p. 4. Plaintiffs' petition states that the "the value of this claim does not exceed *$75,0000.00* inclusive of interest and costs." (emphasis added). Given the placement of the comma in the foregoing figure, the Court perceives that plaintiffs' petition contains a typo and will construe such sentence as stating that the value of this claim does not exceed *$75,000.00* inclusive of interest and costs.
 The Court also observes that 28 U.S.C. § 1332(a) states the amount in controversy must exceed "the sum or value of $75,000, *exclusive* of interest and costs . . ." not "inclusive" of interest and costs. 28 U.S.C. § 1332(a).

4

Because plaintiffs have alleged an indeterminate amount of damages,[12] defendant must submit evidence which proves, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of costs and interest. Defendant has submitted an affidavit by a representative of Meritplan stating that on August 29, 2005, the coverage limit of the policy issued to plaintiffs was $82,000 and that Meritplan subsequently paid a claim under that policy in the amount of $11,007.87 on January 18, 2006.[13] The Meritplain affidavit states that the available coverage limit of the policy issued to plaintiffs is $70,992.13 as of June 3, 2010.[14] A copy of the insurance policy issued to plaintiffs is attached to the affidavit.[15]

With respect to claims based on recovery under an insurance policy, the value of the claim, not the value of the underlying policy, determines whether the amount in controversy exceeds the jurisdictional amount. *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002). Because defendant has not provided the Court with any evidence with respect to

---

[12]As stated previously, under Louisiana law, a plaintiff ordinarily cannot plead a specific amount of monetary damages. *See* La. Code. Civ. Pro. art. 893 (A). However, this does not prohibit a plaintiff from making a general allegation that his or her claim is less than an amount required to establish federal court jurisdiction. *Id.* A plaintiff's general allegation in his complaint that his claim does not exceed $75,000 will not be binding on his recovery under Louisiana law. *See Pierce v. State Farm Fire & Cas. Co.*, 2010 WL 1817799 at *2 (E.D. La. Apr. 30, 2010.

In *Hammel v. State Farm Fire and Cas. Co.*, 2007 WL 519280 (E.D. La. Feb. 14, 2007), the court found that plaintiffs had alleged an "indeterminate amount of damages" where plaintiffs made a general allegation that their "claim does not exceed $75,000" in their complaint, asserted claims against their insurance company for unpaid damages from Hurricane Katrina under their insurance policy, and sought statutory penalties and attorney fees. *Id.* at *3; *see also Engstrom*, 2004 WL 2984329 at *3 n. 1 ("While plaintiffs have alleged entitlement to damages in an amount not less than $50,000 but not exceeding $74,999, the Court finds that plaintiffs are seeking an indeterminate amount of damages, given the numerous theories of recovery."). The Court finds that in this case, plaintiffs are seeking an indeterminate amount of damages, notwithstanding plaintiffs' general allegation in the petition that their damages do not exceed $75,000.

[13]R. Doc. No. 17-1, p. 2.

[14]*Id.*

[15]*Id.* at pp. 3-28.

plaintiffs' claims and relies solely on the available coverage limit under the policy, defendant has failed to demonstrate that the amount in controversy exceeds $75,000. *See Miri v. State Farm Fire & Casualty Co.*, 2008 WL 4758626 *2 (E.D. La. Oct. 28, 2008) (holding that when a defendant "alleges no facts to establish the value of plaintiff's claim," and instead "relies mainly on the policy limits," the defendant has "failed to establish that the amount in controversy meets the jurisdictional minimum."); *Hammel*, 2007 WL 519280 at *3 ("Here, there is no indication in the petition that plaintiffs seek to recover the full value of their policy. Accordingly, the Court finds that the value of the policy is not dispositive as to the actual amount in controversy."). However, even assuming that defendant was able to meet its burden, plaintiffs have demonstrated with legal certainty that the amount in controversy does not exceed $75,000.

The Court may consider plaintiffs' post-removal stipulation because their petition was ambiguous at the time of removal as it merely stated that damages did not exceed $75,000.[16] Under current Fifth Circuit law, "the jurisdictional facts that support removal must be judged at the time of removal." *Gebbia*, 233 F.3d at 882. A court may only consider a post-removal stipulation or affidavit if the basis for jurisdiction is ambiguous at the time of removal. *Gebbia*, 233 F.3d at 883. When post-removal stipulation or affidavits are utilized solely for the purpose of clarifying a previously ambiguous petition, "the court is still examining the jurisdictional facts as of the time the case is removed, but the court is considering information submitted after removal." *H & D Tire and Automotive-Hardware Inc. v. Pitney Bowes Inc.*, 250 F.3d 302, 306 n. 7 (5th Cir. 2001) (citations omitted).

---

[16]"[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction."*Gebbia*, 233 F.3d at 883.

The post-removal stipulation states, "The monetary award sought by plaintiffs against the defendant, exclusive of costs and interest . . . does not exceed the sum of $75,000.00 [and] Plaintiffs expressly waive their right to accept or enforce any judgment in excess of said limit."[17] As a result of this statement, the Court finds that plaintiffs have established, as a matter of law, that they are precluded from recovering any damages above $75,000.[18] Moreover, the Court finds that this post-removal stipulation "merely clarified [plaintiffs'] claims at the date of filing and did not impermissibly attempt to reduce those claims solely to compel remand." *Arnold v. State Farm*, 277 F.3d at 776 n. 3 (citing *De Aguilar*, 47 F.3d at 1404); *Hammel*, 2007 WL 519280 at *5. Because defendant has not met its burden and because plaintiffs have demonstrated with legal certainty that the amount in controversy is less than $75,000, remand is warranted.

Accordingly,

---

[17] R. Doc. No. 13, p. 1.

[18] The Court finds that plaintiffs have expressly waived any claim for damages in excess of the jurisdictional amount through the stipulation signed by counsel. *See Engstrom v. L-3 Comms. Gov. Servs.*, 2004 WL 2984329 at *4-5 (E.D. La. 2004). Such language constitutes "a judicial confession under Louisiana Civil Code article 1853, or what courts have 'commonly termed a judicial admission or stipulation.'" *Id.* at 4 (quoting *Harris v. Louisiana Paving Co., Inc.*, 427 So.2d 1352, 1355 (La. App. 2 Cir. 1983). The express waiver made on behalf of plaintiffs by their counsel is a judicial confession, which is "indivisible" and which "may be revoked only on the ground of an error of fact." *See* La. Civ.Code art. 1853; *see also Engstrom*, 2004 WL 2984329 at *4.

Although defendant cites cases by other district courts for the proposition that a statement by plaintiffs' counsel may not be binding on plaintiffs, the Court finds such cases distinguishable. In *Cleary v. Murphy Oil USA, Inc.*, 2003 WL (E.D. La. Aug. 23, 2003), the court required the litigants to sign an affidavit for the reason that "*this Court* requires that for it to be effective, plaintiff must file into the record an affidavit signed by the litigant."(emphasis added). In *Hamilton v. Mosaic*, 2008 WL 2870215 at * 3 (E.D. La. Aug. 27, 2009), the court rejected an affidavit signed by plaintiff's counsel which did not state that plaintiff would not accept damages in excess of $75,000. *Nelowet v. Marriot Int'l*, 2006 WL 1555254 (E.D. La. Jan. 18, 2006), also cited by defendant, merely stated "The stipulation is signed by Plaintiffs themselves; thus it is binding upon them as well as their counsel." Moreover, none of the cases cited by defendant addressed whether the purported waivers at issue were judicial confessions under La. Civ. Art. Code art 1853. *See Engstrom*, 2004 WL 2984329 at *5.

**IT IS ORDERED** that the motion for remand is **GRANTED** and the above-captioned case is remanded for lack of subject matter jurisdiction to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, July 19, 2010.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**